IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MAURICE G. HAGOOD,
        Plaintiff,

-vs-

COUNTRYWIDE HOME LOANS, INC., A NATIONAL BANKING ASSOCIATION; COUNTRYWIDE HOME LOANS, INC., A CORPORATION; CWABS, INC., THE BANK OF NEW YORK MELLON, TRUSTEE FOR THE BANKRUPTCY REMOTE SPECIAL PURPOSE VEHICLE CWABS ASSET-BACKED CERTIFICATES 2007-9; COUNTRYWIDE HOME LOAN SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., DOES 1 THROUGH 100, INCLUSIVE;
        Defendants.

CAUSE NO.:
A-17-CA-00784-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-9 (BNYM) and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, Defendants)'s Motion to Dismiss [#9]. Plaintiff Maurice Hagood did not respond. Having considered the documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders GRANTING the motion to dismiss and dismissing this action in its entirety.

## Background

This case concerns real property located at 109 Stone Water Drive, Jerrell, Texas 76537 (the Property). *See* Corrected Notice Removal [#3-1] Ex. B-1 (Pet.) at 2. Plaintiff and his wife, Connie Hagood, signed a deed of trust on April 19, 2007, later recorded with the County Clerk of Williamson County, Texas. *See* Mot. Dismiss. [#9-1] Ex. A (Deed of Trust). Countrywide Home Loans, Inc. (Countrywide) is listed in the Deed of Trust as the lender of a note to Plaintiff in the amount of $187,200.00 (the Note), and Mortgage Electronic Registration Systems, Inc. (MERS) as Countrywide's "successors and assigns." *See* Deed of Trust at 2.

On February 28, 2013, MERS assigned all interests in the Deed of Trust to BNYM. *See* Mot. Dismiss. [#9-1] Ex. B (Assignment). The Assignment was recorded with the County Clerk of Williamson County, Texas on March 1, 2013. *Id.*

Plaintiff filed this lawsuit in Texas state court on July 3, 2017. *See* Pet. In his complaint, Plaintiff asserts the following causes of action against Defendants: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) unconscionable contract; (5) breach of contract; (6) breach of fiduciary duty; (7) quiet title; (8) slander of title; (9) temporary restraining order and injunctive relief; and (10) declaratory relief.

Defendants move to dismiss Plaintiff's lawsuit for failure to state a claim.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a

motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

### 1. Claims Regarding Deed of Trust

Plaintiff asserts Defendants lack any interest in the Property and the Deed of Trust such that they have no standing to foreclose on the Property. *See* Pet. at ¶¶ 41–54. Specifically, Plaintiff challenges the assignment of the Deed of Trust based on various theories, including

fraudulent transfer, no "true sale" of the Note, failure to negotiate the Note for full value, lack of authority for MERS to assign interest in the Note, no endorsement and no assignment of the Note to BNYM prior to closing of the Series 2007-9 Trust, and improper structure or operation of the Series 2007-9 Trust. *See* Pet. at ¶¶ 11–24, 41–54. Defendants argue Plaintiff lacks standing to contest the assignment of the Deed of Trust.

As explained below, the Court finds Plaintiff has failed to state a facially plausible claim for challenging Defendants' assignment and interest of the Note. First, Plaintiff lacks standing to challenge the assignment of the Note based on any alleged fraud in the assignment chain. *See Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Second, Plaintiff's challenge of no "true sale" is without legal merit. *See Davis v. Silver State Fin. Services*, CIV.A. H-13-1432, 2014 WL 713235, at *4 (S.D. Tex. Feb. 20, 2014) (dismissing claims based on "no true sales"); *Rougeux v. Bank of Am., N.A.*, A-12-CV-1137 LY, 2013 WL 12131907, at *4 (W.D. Tex. May 30, 2013), *report and recommendation approved sub nom. Rougeux Bank of Am., N.A. v. Rougeux*, 2013 WL 12133972 (W.D. Tex. June 24, 2013) (same). Third, negotiation of the Note for full value is not required to foreclose under Texas law. *See Kiggundu v. Mortgage Elec. Registration Sys. Inc.*, 469 Fed. Appx. 330, 331 (5th Cir. 2012) (finding possession of a note sufficient to foreclose). Fourth, MERS had authority as Countrywide's "successors and assigns" under the Deed of Trust to assign the same to BNYM. *See* Deed of Trust at 2; *see also Van Duzer v. U.S. Bank Nat. Ass'n*, 582 Fed. Appx. 279, 282 (5th Cir. 2014) ("assignments through MERS are valid under Texas law"). Finally, Plaintiff has failed to identify any legal basis for requiring assignment of the Note prior to closing of the Series 2007-9 Trust or a particular structure and operation of the trust at the time of assignment. To the extent Plaintiff's claims are based on enforcement of the terms in the prospectus of the Series 2007-9 Trust, Plaintiff lacks

standing to sue under these terms. *See Sigaran v. U.S. Bank Nat. Ass'n*, 560 Fed. Appx. 410, 413 (5th Cir. 2014).

In sum, MERS assigned all interest in the Deed of Trust to BNYM in a duly recorded assignment. *See* Assignment. The Deed of Trust signed by Plaintiff specifically states "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice To Borrower," as happened here. *See* Deed of Trust at 12. Plaintiff's claims challenging Defendants' assignment or interest in the Deed of Trust are therefore subject to dismissal under Rule 12(b)(6).

**2. Fraud Claims**

Plaintiff's fraud claims allege Defendants concealed the fact they were not a Federal Reserve Depository Bank, Defendants concealed a third-party Sponsor Bank with Securitization Agreements, and Defendants intentionally misrepresented the power of sale provision in the Deed of Trust. *See* Pet. at ¶¶ 55–73.

The elements of fraud under Texas law are (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank*, N.A., 52 S.W.3d 749, 758 (Tex. 2001). Fraud claims must be pleaded with particularity. *See* FED. R. CIV. 9(b).

Plaintiff's fraud claims fail on the pleadings. Although Plaintiff recites and alleges each element of a fraud claim, the pleading lacks particularity. For example, Plaintiff summarily contends he acted in reliance of and was injured by Defendants' alleged fraudulent actions.

However, Plaintiff has pleaded no details of how he relied on any of Defendants' alleged fraudulent actions in entering the Deed of Trust or how he was in any way injured as a result of the Defendants' alleged fraudulent actions. Indeed, Plaintiff appears to rely on actions Defendants took after he signed the Deed of Trust, and therefore undercut any legal basis for a fraud claim. Accordingly, Plaintiffs' claims of fraud must be dismissed.

### 3. Contract Claims

Plaintiff also asserts claims of unconscionable contract and breach of contract based on the terms of the Deed of Trust signed on April 19, 2007 and Defendants' actions in the later assignment of the Deed of Trust on February 28, 2013. *See* Pet. at ¶¶ 82–86. Plaintiff waited over four years to file this lawsuit. Thus, Plaintiff's claims are barred by the statute of limitations. *See Vee Bar, Ltd. v. N. Nat. Gas Co.*, 4:16-CV-015-DAE, 2016 WL 4006131, at *4 (W.D. Tex. July 25, 2016) ("Under Texas law, a claim for breach of contract is "subject to a four-year statute of limitations"); *Linder v. Deutsche Bank Nat'l Tr. Co.*, EP-14-CV-00259-DCG, 2015 WL 12743639, at *5 (W.D. Tex. Jan. 6, 2015) (stating a claim of unconscionable contract is also governed by a four-year statute of limitations). Moreover, Plaintiff has failed to identify how Defendants breached "paragraph 23 of the Deed of Trust," which requires release of the security instrument upon "payment of all sums secured by" the same. *See* Deed of Trust at 14. Thus, dismissal of Plaintiff's contract claims is warranted.

### 4. Fiduciary Duty Claims

Without providing details, Plaintiff contends Defendants breached their fiduciary duties to him. *See* Pet. at ¶¶ 87–92. However, "[u]nder Texas law, a mortgage lender or servicer generally does not owe a fiduciary duty to a borrower." *Draper v. Nationstar Mortg., LLC*, A-13-CA-1049-SS, 2014 WL 408750, at *7 (W.D. Tex. Jan. 28, 2014). Plaintiff has failed to

allege extraordinary circumstances giving rise to a fiduciary duty owed to him in this case. *See id.* To the extent Plaintiff relies on fiduciary duties between Defendants themselves, such claims also fail because Plaintiff himself was owed no duty.

### 5. Title Claims

Plaintiff brings two causes of action related to the title of the Property: a quiet title claim and claim alleging Defendants slandered title to the Property. *See* Pet. at ¶¶ 93–108. Both claims fail for the reasons below. First, Plaintiff's quiet title claim fails because it does not contest the validity of the Deed of Trust or claim an interest superior to Defendants, but instead merely challenges the validity of the assignment of Deed of Trust. *See Hudson v. JP Morgan Chase Bank, N.A.*, 541 Fed. Appx. 380, 385 (5th Cir. 2013) (affirming dismissal of quiet title claim because plaintiff failed to "prove and recover on the strength of [her] own title"); *see also Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 Fed. Appx. 631, 633 (5th Cir. 2013) (affirming dismissal of quiet title claim because plaintiff "neither contests the Deed of Trust's validity nor suggests that its own interest ... is superior to the Deed of Trust."). Second, Plaintiff does not plead all elements of an action for slander of title. A claim for slander of title requires facts establishing the "(1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale." *See Rice v. JPMorgan Chase Bank, Nat. Ass;n*, CIV.A. H-15-0416, 2015 WL 4112287, at *3 (S.D. Tex. July 7, 2015). Plaintiff's slander title claim is premised on Defendants' alleged failure to record instruments, not the uttering or publishing of disparaging and false words. Moreover, Plaintiff has failed to plead malice or special damages. Accordingly, both of Plaintiff's claims related to the title of the Property have not been plausibly pleaded and should be dismissed.

### 6. Remaining Claims

Plaintiff seeks injunctive relief in the form of a restraining order by enjoining Defendants from prosecuting any continuance of a foreclosure sale pending trial in this case. *See* Pet. at ¶¶ 109–114. These requests cannot be properly made in a complaint. *See* Local Rule CV-65. Also, Plaintiff has not pleaded a single viable cause of action and thus his request for injunctive relief and a restraining order fails. *See Harris County, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 320 (5th Cir. 1999) (a party must demonstrate a likelihood of success on the merits of his or her claim in order to obtain an injunction or temporary restraining order).

Finally, Plaintiff requests a judicial declaration that he is the equitable owner of the Property and Defendants have no interest estate, right, or title in the Property. *See* Pet. at ¶¶ 115–118. As explained in this opinion, all of Plaintiff's claims are dismissed and therefore no justiciable controversy exists for which the Court may grant a declaratory judgment. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 243 (5th Cir. 2014) (affirming dismissal of request for declaratory judgment based on dismissal of other causes of action).

### Conclusion

Dismissal of all claims is warranted in this case because Plaintiff has failed to plausibly plead a claim for relief. Given the foregoing analysis, the Court is convinced leave to amend would be futile. Plaintiff's claims are therefore dismissed with prejudice.

Accordingly:

IT IS ORDERED that Defendants' Motion to Dismiss [#9] is GRANTED; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff in the above-styled and numbered cause are DISMISSED WITH PREJUDICE.

SIGNED this the 5th day of October 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE